LAFAYETTE BLOOD *vs.* JOSEPH SANDERSON.

In an action on a promissory note, after the plaintiff, for the purpose of showing a consid eration, had proved that, before the making of the note, the defendant held a large amount of property which had previously belonged to the plaintiff, the defendant proved with out objection that at that time he held a mortgage from the plaintiff, and was endeavoring to raise a considerable sum of money. *Held*, that this did not authorize the defendant to prove that, at the time of applying for the loan, he, in the absence of the plaintiff, stated that he was procuring the money to pay to the plaintiff, and pledged his own collateral security.

ACTION OF CONTRACT upon a promissory note for $1700, dated February 5th 1853, and purporting to be signed by the defendant. Answer, that the defendant did not sign the note. Trial before *Merrick*, J., who made the following report thereof:

" To show that there was a consideration for the note, and to

render the making of the note probable, the plaintiff introduced evidence tending to show, amongst other things, that large portions of property, which at one time belonged to him, had passed into the possession of the defendant in the autumn of the year 1852. To meet this evidence the defendant offered to show, by Reuben S. Lewis, that in September or October 1852, the defendant called on him to raise a considerable sum of money, and at that time produced a mortgage from the plaintiff to himself. This was not objected to. The defendant then offered to show by this witness that, at the time of making the application for this money, and as a part of the same transaction of procuring the loan, he said he applied for it for the use of the plaintiff, and stated that he was procuring this money to pay to the plaintiff, and pledged his own collateral security therefor; but this was not in presence of the plaintiff. This evidence was objected to on behalf of the plaintiff, and excluded by the court. The jury found a verdict for the plaintiff. If the above evidence ought to have been admitted, then the verdict is to be set aside; if not, then judgment to be entered on the verdict."

*B. F. Butler*, for the defendant. The raising of money by the defendant was allowed to be proved without objection, and so admitted to be material. The declarations accompanying the act were admissible to explain it. 1 Stark. Ev. (4th Amer. ed.) 46. 1 Greenl. Ev. § 120. *Sessions* v. *Little*, 9 N. H. 276. *Kilburn* v. *Bennett*, 3 Met. 199. *Shaw* v. *Stone*, 1 Cush. 243. The reason why the fact admitted was material must be because the possession of the money would warrant the inference that the defendant had the means of payment for the property received of the plaintiff; that inference would be strengthened if the money was raised for the declared purpose of paying it to the plaintiff; and this declaration, as well as the pledging of the defendant's collateral security, was admissible as part of the *res gestæ*. *Haynes* v. *Rutter*, 24 Pick. 242. *Deardorf* v. *Hildebrand*, 2 Rawle, 226. *Allen* v. *Duncan*, 11 Pick. 309.

*J. G. Abbott*, for the plaintiff.

BY THE COURT. The evidence rejected was in our view incompetent. The evidence given, that the defendant was

raising money, was admitted without objection; but it was wholly immaterial to the issue. The declaration, that he was raising it for the plaintiff, which was the only thing material, was his own act and declaration, of which, by law, he could not avail himself against the plaintiff. *Judgment on the verdict.*